NOT FOR PUBLICATION                                             (Docket No. 14)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANTHONY JOHNSON, | : | |
| | : | |
| Plaintiff, | : | Civil No. 07-3110 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF PHILADELPHIA, et al, | : | **FILED** |
| | : | |
| Defendants. | : | AUG 2 1 2009 |
| | : | MICHAEL E. KUNZ, Clerk |
| | | By_____Dep. Clerk |

**KUGLER**, United States District Judge:

Presently before the Court is a motion filed by Plaintiff Anthony Johnson ("Plaintiff") seeking that this Court recuse itself from this proceeding. For the reasons expressed herein, the Court will deny Plaintiff's motion.

## I.      PROCEDURAL BACKGROUND

Plaintiff initiated this action in July 2007 by filing an affidavit in support of his request to proceed in forma pauperis. The Court, in November 2008, dismissed Plaintiff's pending motion in this matter for Plaintiff's failure to file a Complaint in this case. Plaintiff's Complaint had not been filed due to Plaintiff's failure to file the requisite motion to proceed in forma pauperis. Plaintiff now moves for recusal of this Court.

## II.     LEGAL STANDARD

The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 455 and 144. Section 144 requires recusal where the moving party files an affidavit that is "legally

sufficient to support a charge of bias or prejudice." <u>Cooney v. Booth</u>, 262 F. Supp. 2d 494, 501

(E.D. Pa. 2003) (citing <u>Mims v. Shapp</u>, 541 F.2d 415, 417 (3d Cir. 1976)). More expansively,

section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes

and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that

may prevent or impede impartiality of judgment." <u>Cooney</u>, 262 F. Supp. 2d at 501 (quoting

<u>Berger v. United States</u>, 255 U.S. 22, 33-34 (1921)). The court must accept all facts alleged in

the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation

or surmises. <u>Id.</u>

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall

disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in

the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge

who appears to be tainted." <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F.3d 155, 162 (3d Cir.

1993) (quoting <u>In re Sch. Asbestos Litig.</u>, 977 F.2d 764, 776 (3d Cir. 1992)). Consequently, even

where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455

"so long as he appears to be so." <u>In re Community Bank of No. Virginia</u>, 418 F.3d 277, 320 (3d

Cir. 2005) (quoting <u>United States v. Bertoli</u>, 40 F.3d 1384, 1412 (3d Cir. 1994)). In other words,

"if a 'reasonable man, were he to know all the circumstances, would harbor doubts about the

judge's impartiality' . . . then the judge must recuse." <u>Community Bank</u>, 418 F.3d at 320

(quoting <u>United States v. Antar</u>, 53 F.3d 568, 574 (3d Cir. 1995)).

2

## III.   ANALYSIS

Although the law demands recusal both where a reasonable man would question the judge's fair mindedness and where a party files an affidavit setting forth specific allegations of partiality, Plaintiff has provided no facts suggesting a bias or prejudice that would merit recusal. While Plaintiff has not filed an affidavit in support of his motion, the Court will treat the motion itself as an affidavit in support and will accept as true all facts alleged in the motion.

Plaintiff argues that this Court should recuse because of "bias secret delaying tactics of sabotaging the section 1983 civil process in order to protect his judicial colleagues from civil liability and answering the complaint." Also, Plaintiff contends that the Court "is deliberately misusing the procedural protocol as a procedural harassment," an argument grounded on the Court's November 2008 Order in this case. Finally, Plaintiff argues that the Court should recuse because of its joinder as a co-defendant in this matter. The final argument is without merit, as the Court has denied Plaintiff's motion to amend to add this Court, and others, as co-defendants.

Plaintiff's request for recusal appears to be based upon his belief that the Court's actions in the adjudication of his case were procedurally in error. Plaintiff's dissatisfaction with the procedural disposition of his lawsuit is not grounds for recusal. As the Third Circuit has observed, "[b]ecause the focus is on the source of the judge's views and actions, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" Community Bank, 418 F.3d at 320. Because Plaintiff's allegations appear to amount to mere disagreement with the Court's decisions in this matter, nothing that would inspire a reasonable person to "harbor doubts" of the Court's impartiality, Plaintiff's motion for recusal will be denied.

3

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal will be DENIED.  An

accompanying Order shall issue today.

Dated: 8-17-09

ROBERT B. KUGLER
United States District Judge

4