[Docket No. 66]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JOHNSON, | |
| Plaintiff, | Civil Action No. 07-3110 (RMB) |
| v. | |
| CITY OF PHILADELPHIA, *et al.*, | **MEMORANDUM OPINION & ORDER** |
| Defendants. | |

THIS MATTER comes before the Court upon the Motion to Reinstate the Case [Docket No. 66] submitted by Plaintiff Anthony Johnson ("Plaintiff"). This is Plaintiff's second such motion. Plaintiff filed his first motion to reinstate the case on August 4, 2023 [Docket No. 63]. This Court was designated to preside over this action on March 13, 2025 [Docket No. 64]. On March 17, 2025, this Court denied Plaintiff's motion [Docket No. 65]. Roughly one month later, Plaintiff filed the instant motion.

This action was dismissed with prejudice by the Honorable Robert B. Kugler on September 10, 2010 [Docket No. 61] – *over fifteen years ago*. It is unclear what the basis for Plaintiff's current motion is. As far as the Court can tell, Plaintiff seeks to reopen this case because he believes the undersigned is "a liar" and, as a result, requests that the Court's Order denying his initial motion to reinstate be vacated as void under Federal Rule of Civil Procedure 60(b)(4). [Docket No. 66 at 2.]

> Plaintiff argues as follows:
>
> The Court United States District Court Judge Reenee M. Bumb, is a liar and did not incorporate within her order of [March] 17, 2025 the immunity invoked for U.S. District Court Judge Robert Kugler for sabotaging Section 1983 KKK Act of Congress by William Yohn and Susan Wigenton, Federal Judges; see Exhibit A documented evidence of said judges invoking and twisting the immunity clause to protect Kugler (thier Colleague) from sabotaging the right to a jury trial in both state and federal forums nunc pro tunc: Thus Judge Bumb's Order of [March] 17, 2025 is void, see F.R.Civ.P. 60(b)(4) and Bumb, J. cannot reverse Yohn's and Wigenton's twisted invocation of immunity too sabotaging the Bill of Rights.

[Docket No. 66 at 1 (all errors in original).] Plaintiff has appended the third page of a decision issued by the Honorable William H. Yohn, Jr., in a separate action, E.D. Pa. Civil Action No. 12-2031, in which Plaintiff named Judge Kugler as a defendant. [*Id.* Ex. A1.] That action was dismissed by Judge Yohn with prejudice on May 24, 2012. Plaintiff has also appended a single page Order of Dismissal, dated April 22, 2014, issued by the Honorable Susan D. Wigenton, dismissing yet another action filed by Plaintiff naming Judge Kugler as a defendant, D.N.J. Civil Action No. 10-7454 [*Id.* Ex. A2.]

The Court cannot discern the import of those decades-old orders in separate closed actions on the pending motion. In any event, the undersigned judge does not have the authority to decide, interfere with, or otherwise rule on cases that are not directly assigned to her. The assigned Judge, alone, renders all decisions in the case before him or her. If a litigant is dissatisfied with the outcome of his case, he may appeal to the United States Court of Appeals for the Third Circuit at the appropriate time.

Plaintiff invokes Rule 60(b)(4), which allows an order or judgment to be vacated when "the judgment is void." "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal citations omitted). Importantly, "a motion under Rule 60(b)(4) is not a substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 270–71 (cleaned up); *see also Fink v. Bishop*, 2025 WL 2491125, at *1 (3d Cir. Aug. 29, 2025) ("a judgment is not void absent a 'total want of jurisdiction' or 'a clear usurpation of power.'") (quoting *Marshall v. Bd. of Ed., Bergenfield, N.J.*, 575 F.2d 417, 422 n. 19 (3d Cir. 1978)).

Plaintiff has presented no such grounds for relief from this Court's Order or that support reopening his long-dismissed case. To the extent that Plaintiff claims this Court's Order is void because the undersigned is biased in some way against him, this is not grounds to vacate the Order or reinstate his case. *Reardon v. Leason*, 465 F. App'x 208, 210 (3d Cir. 2012) (affirming denial of Rule 60(b)(4) motion where movant had accused presiding district judge of bias against him); *see also Shaikh v. Germadnig*, 2025 WL 1135263, at *5 (D.N.J. Apr. 17, 2025) (bald accusations of bias do not support recusal or prevent judge from deciding Rule 60(b)(4) motion).

To the extent Plaintiff believes this Court's Order denying his motion to reinstate the case and/or Judge Kugler's Order dismissing the case with prejudice were incorrectly decided, that "is, in essence, an attack on the reasoning of the judgment, not on the authority of the District Cour to render it. A judgment is not void merely because [Plaintiff believes] it is erroneous." *See Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013) (internal citations omitted).

Finally, Plaintiff has presented no reasons that warrant reinstating this case. As the Court previously noted, Judge Kugler issued a thorough Opinion and Order dismissing this case ***with prejudice*** in September 2010, ***over fifteen years ago***. Judge Kugler ruled that the bulk of Plaintiff's claims were clearly time-barred given that "the vast majority of the complained of conduct is over a decade old." [Docket No. 61 at 8.] Judge Kugler further found that the remaining allegations, relating to Megan's Law, which imposes lifetime registration and notification obligations on sexually violent offenders, like Plaintiff, did not state cognizable claim. [*Id.* at 10.] Judge Kugler denied Plaintiff leave to amend not only as futile in light of the bases for dismissal, but also as highly prejudicial in light of the "unsuccessful and patently frivolous attempts by Plaintiff to impose civil liability on these Defendants for their part in his dealings with the justice system." [*Id.* at 10–11.]

Plaintiff did not appeal that Order. There is no basis to reinstate the case. The Court cautions Plaintiff to refrain from filing duplicative, frivolous motions. The Court will not tolerate or condone conduct of this nature as it compromises judicial economy, efficiency, and fairness.

**ACCORDINGLY, IT IS HEREBY**, on this **7th** day of **October 2025**,

**ORDERED** that Plaintiff's Motion to Reinstate [Docket No. 66] is **DENIED**; and it is further

**ORDERED** that Plaintiff shall not file any new motions that pursue frivolous requests for relief or are duplicative of motions already resolved by this Court; and it is further

**ORDERED** that, in the event any such motions are submitted by Plaintiff, the Clerk of the Court shall not docket the submissions as "Filed," but rather shall docket the submissions as "Received" only; and it is further

**ORDERED** that violations of this Order may subject Plaintiff to monetary sanctions; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion & Order to Plaintiff by regular U.S. mail.

> **s/Renée Marie Bumb**
> RENÉE MARIE BUMB
> Chief United States District Judge